# NO. 12-07-00269-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY DEWAYNE CULLUM,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #1* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Anthony Dewayne Cullum was convicted of driving while intoxicated. In two issues, Appellant asserts that the trial court abused its discretion by overruling his motion to suppress. We affirm.

## BACKGROUND

Appellant was charged by information with the offense of driving while intoxicated. The information included an allegation that Appellant had previously been convicted of driving while intoxicated, enhancing the current offense to a Class A misdemeanor. Appellant filed a motion to suppress, alleging, among other things, that "[t]he law enforcement officer [who initially stopped Appellant's vehicle] lacked a reasonable, articulate suspicion to detain [Appellant.]" Following extensive briefing and two hearings, the trial court denied the motion to suppress. Appellant subsequently pleaded guilty to the offense and true to the enhancement. The trial court assessed Appellant's punishment at one year of confinement, probated for eighteen months, and an $800 fine. This appeal followed.

In two issues, Appellant asserts that the trial court abused its discretion by overruling his motion to suppress. More specifically, Appellant claims that the arresting officer did not have reasonable suspicion to perform the initial stop of his vehicle.

## Standard of Review

In reviewing a trial court's ruling on a motion to suppress, an appellate court should generally afford almost total deference to a trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The same amount of deference should be given to the trial court's rulings on application of law to fact questions, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* Appellate courts review de novo mixed questions of law and fact not falling within this category. *Id.*

## Discussion

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968). Such an investigative detention is permissible when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, create a reasonable suspicion that the person detained is, has been, or soon will be engaged in criminal activity. *See Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). The existence of reasonable suspicion turns on an objective assessment of the detaining officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's state of mind. *See United States v. Knights*, 534 U.S. 112, 122, 122 S. Ct. 587, 593, 151 L. Ed. 2d 497 (2001); *Griffin v. State*, 215 S.W.3d 403, 409 (Tex. Crim. App. 2006).

By the time of its ruling, the trial court had been presented with the live testimony of Officer Harry Clark, the officer who initiated the stop of Appellant, a transcript of Officer Clark's previous testimony before an administrative law judge, and a video recording from the vehicle mounted camera of Officer Clark's patrol car. Officer Clark testified as a ten year veteran of the Longview Police Department and a certified peace officer. Appellant presented no witnesses to contradict the testimony of Officer Clark and did not contest the accuracy of the video recording.

Officer Clark testified that he was stopped at an intersection in Longview, Texas at 11:30 p.m. when he heard "a loud screeching noise of approximately 3 seconds coming from [his] left." He identified Appellant's vehicle, a Ford Mustang, as the vehicle making the noise. At the time, Appellant's vehicle had also been stopped at the intersection and was in the process of moving from that stopped position. Officer Clark's view of Appellant's vehicle was obscured because Appellant was in traffic and there were other vehicles in front of, behind, and beside Appellant's vehicle. Consequently, Officer Clark was unable to determine whether Appellant had moved his vehicle in a safe manner. According to Officer Clark, "[i]t was clear, dry, there was no rain, no pavement wet, congested traffic." Because of the length of time Appellant spun his tires, Officer Clark did not believe the spinning to be accidental. Based upon the facts, Officer Clark suspected that Appellant had made an "improper start from a parked position." More specifically, Officer Clark believed that Appellant had committed a violation of section 545.402 of the Texas Transportation Code. Officer Clark's testimony was consistent with, although supplemental to, his testimony before the administrative law judge and was not contradicted by the video recording.

The trial court made findings of fact and conclusions of law, stating on the record as follows:

> . . . I make the following findings of fact: That the officer, being on duty in a marked patrol unit and stopped in his vehicle at a red light, that he heard the defendant's vehicle make a loud screeching noise; that this noise of spinning of tires lasted approximately 3 seconds; that there were cars in front of the defendant's vehicle, beside the defendant's vehicle, and behind the defendant's vehicle; and that he issued a citation for improper start from a stopped position, 545.402.
> My conclusion is that he had reasonable suspicion for a temporary detention to investigate the violation[] of 545.402 . . . , based on those facts that I put into the record. . . . Those are my rulings.

Section 545.402 states that "[a]n operator may not begin movement of a stopped, standing, or parked vehicle unless the movement can be made safely." TEX. TRANSP. CODE ANN. § 545.402 (Vernon 1999). An extended period of tire spinning and screeching, such as Officer Clark described here, combined with the fact that Officer's Clark's view of Appellant was obscured, constituted specific articulable facts which, taken together with rational inferences from those facts, created a reasonable suspicion that the Appellant was, had been, or would soon be engaged in criminal activity – specifically, an unsafe start from a stopped position. *See id.* The trial court did not abuse its discretion by denying Appellant's motion to suppress. *See Brother*, 166 S.W.3d at 257. Because

3

reasonable suspicion existed to support the stop of Appellant based upon a violation of section 545.402, we overrule Appellant's first and second issues.

## DISPOSITION

We *affirm* the judgment of the trial court.

   BRIAN HOYLE   
Justice

Opinion delivered June 11, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4